THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* THE STATE TAX COMMISSION, Appellant.

(Special Franchise Assessments for the Years 1919–1926, Inclusive, Town of Livingston, Columbia County.)

Third Department, May 12, 1933.

*John J. Bennett, Jr., Attorney-General* [*Leo W. Begley* and *Edward J. Grogan, Jr., Assistant Attorneys-General*, of counsel], for the appellant.

*Clive C. Handy* [*Frederick L. Wheeler* and *Edwin B. Collister* of counsel], for the respondent.

PER CURIAM. The State Tax Commission has assessed as a special franchise the railroad bridge of relator across Roeliff Jansen's kill in the town of Livingston, Columbia county, N. Y. This assessment for the years 1919 to 1926, inclusive, is reviewed on this appeal. Should it be determined that this stream is navigable, the assessment is proper. A referee appointed to determine this issue has decided to the contrary. This decision and the final order entered thereon should be reversed. The tide ebbs and flows up stream for more than half a mile above the bridge. Formerly there was considerable commercial transportation and navigation on the kill. It continued to some extent until 1915. Fishermen still continue to navigate the stream in small boats. The rise and fall of the tide was determinative of navigability under the English common law. (*Morgan* v. *King*, 35 N. Y. 454, 458.) Streams so shallow as to accommodate small size craft only are now determined to be navigable in fact. (*United States* v. *Holt State Bank*, 270 U. S. 49; *People ex rel. Lehigh Valley R. Co.* v. *State Tax Commission*, 247 N. Y. 9.)

HILL, P. J., RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Orders reversed on the law and facts, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission to fix the amount of relator's special franchise assessment in the town of Livingston, Columbia county, N. Y., in accordance with the stipulation made during the trial as to amount thereof.

Findings of fact numbers 37 and 39 are reversed and that portion of finding number 27 which states that " no use has been made of the waters of the kill for purposes of trade or commerce since some time in the sixties and since about that time there has been no dock or landing place on said kill," and that portion of finding number 32 which states " There have been no factories along the kill, or other places of industry since 1864 or 1865," are reversed, and a new finding is made "that Roeliff Jansen's kill is navigable at the place where it is crossed by relator's railroad bridge and for at least a half mile up stream therefrom." For such distance the tide ebbs and flows in the stream or kill and that portion is navigable in fact.

The court disapproves conclusions of law numbers 1 and 2.